UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MICHAEL PORTER,

                Petitioner,                Case No. 1:11-cv-632

v.                                                  Honorable Janet T. Neff

CATHERINE S. BAUMAN,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

On January 23, 2009, Petitioner pled guilty to attempted assault with a dangerous weapon, MICH. COMP. LAWS § 750.82. Petitioner's sentencing guidelines range was 2 to 17 months. At the sentencing hearing before the Grand Traverse Circuit Court on February 20, 2009, the court told Petitioner:

> Mr. Porter, in fairness, I would have a different emotional reaction to this case 19 years ago as a new judge than I do now. I look at you and all I can do is feel sad. I think 19 years ago I would be angry, whose this guy he's selling explosives, he's involved in drugs, distributing to minors. I'm looking at you today, 19 years later, having watched this play out before me all these years. You seem intelligent, you are articulate, 45 years old, you're middle aged. You should have gone to college or developed a trade. You look to me like a guy who could have run a business, who could have been married and run a family. And, a combination of drugs and the inability to perhaps control your temper or lack of understanding about how to engage in constructive dialog in a relationships, you've done just years in prison, you've lost from that and quite frankly I think society has. . . . I think in your case you could have accomplished something, you could have. Look what you said, you get dumped out of a halfway house and you made your way, you know how many people can't get that done, they can't figure out a way to get that done. It's a great sense of frustration. It's a sense of loss.
>
> . . . I would be shocked if the government gave you a pass on this. They are not going to do it, not with your history. But, it's your 20th felony, I don't know how that worked out or what plea agreement or what trial you went through years and years and years ago. It's unusual to see someone here on their 20th felony that's for sure.
>
> You did get . . . an exceedingly fair offer from Mr. Schneider. This could have been a four year habitualized, which would have made it 15, I think, in your circumstance. So you're looking at worst case here is a two year maximum, and it is an assaultive crime. You're chasing your wife – girlfriend, with a car, it's a bad thing.

(02/20/2009 Hr'g Tr. 13-15, Ex. A to Petition, docket #1-1, Page ID##39-41.) The court departed from the guidelines range and sentenced Petitioner to sixteen to twenty-four months of incarceration.

Petitioner filed a motion for re-sentencing and to withdraw his plea, arguing that the court did not make a finding of substantial and compelling reasons for departure from the guidelines range. The trial court granted the motion for re-sentencing. At the re-sentencing hearing, the court told Petitioner:

> This was your 20th felony. And, as you indicated, you were on federal parole and the federal government apparently isn't happy with this conviction and wants you back. The Department of Corrections recommended prison, and for what it's worth as I reviewed the report and your version of it, it appears that you were not as forthcoming as you could have been about what actually happened that evening and there was evidence of witness tampering and perhaps most importantly, what you actually pled to was less serious than what you actually did. You got a deal to plead to the attempt and you weren't habitualized fourth and convicted of the felonious assault. So all of those things taken together were the basis by which the Court sent you to prison, which is a departure from the guidelines in the sense that the guidelines are a jail range and you went to prison. . . . What I'll do for you in view of the fact that the federal people are waiting for you, is I'll give you a couple months break, still departing for all the same reasons I believe are objective, substantial and compelling.

(08/07/2009 Hr'g Tr. 9-11, Ex. A to Petition, docket #1-1, Page ID##22-24.) The court re-sentenced Petitioner to fourteen to twenty-four months of incarceration. Petitioner appealed the new sentence to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on January 28, 2010, and June 18, 2010, respectively. Petitioner filed the instant petition on June 16, 2011.

In his petition, Petitioner contends that the trial court's departure from the sentencing guidelines violated Michigan state law, denied him his Fourteenth Amendment right to due process, and violated his Eighth Amendment right to avoid cruel and unusual punishment.

**Discussion**

An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

It appears that Petitioner failed to "fairly present" these federal claims in the state courts. The appellate brief provided by Petitioner (Ex. to Petition, Application for Leave to App.,

docket #1-1, Page ID#27-36), does not mention any constitutional claims; rather, it argues that the sentencing court did not follow Michigan law. Because Petitioner failed to present his constitutional claims to the Michigan appellate courts, the exhaustion requirement is not satisfied. Nevertheless, the Court may address Petitioner's claims notwithstanding his failure to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

          1.    Michigan law

Petitioner contends that the state court did not provide substantial and compelling reasons for departure from the Michigan sentencing guidelines, citing: *People v. Claypool*, 684 N.W.2d 278 (Mich. 2004); *People v. Babcock*, 666 N.W.2d 231 (Mich. 2003); *People v. Havens*, 706 N.W.2d 210 (Mich. Ct. App. 2005); and, *People v. Geno*, 683 N.W.2d 624 (Mich. Ct. App. 2004). MICH. COMP. LAWS § 769.34(3) provides:

> A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the court has a *substantial and compelling reason* for that departure *and states on the record the reasons for departure*.

*Id.* (emphasis added).

Petitioner's claim that the trial court violated Michigan law is not cognizable on habeas review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68; *see also Pulley v. Harris*, 465 U.S. 37, 41 ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Koras v.*

*Robinson*, 123 F. App'x 207, 214 (6th Cir. 2005) (trial court's failure to articulate reasons for the sentence imposed "is not itself a basis for federal *habeas corpus* relief.").

### 2. Fourteenth Amendment

Petitioner also claims that the trial court's failure to provide substantial and compelling reasons for departing from the sentencing guidelines violated his right to due process. "It is undisputed that convicted defendants . . . have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990). The record provided by Petitioner indicates, however, that he received the process to which he claims he was entitled. The trial court gave Petitioner reasons for departure from the guidelines. The court noted that the instant offense was Petitioner's twentieth felony, that it involved an attack on his girlfriend, and that Petitioner could have received a four-year sentence as a habitual offender in the absence of the guilty plea. Petitioner does not challenge these findings. To the extent Petitioner claims that the court's reasons were not "substantial and compelling," he raises an issue of state law that is not cognizable in these proceedings. *See Pulley*, 465 U.S. at 41.

In addition, it is clear from *Austin v. Jackson*, 213 F.3d 298 (6th Cir. 2000), that sentencing above the guideline range, even significantly above the guideline range, is not a due process violation. "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Id.* at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). In Petitioner's case, the statutory maximum penalty for attempted felonious assault is twenty-four months. MICH. COMP. LAWS §§ 750.82, 750.92. Although Petitioner's sentence of fourteen to twenty-four months may have exceeded the recommended guideline range, it did not exceed the

-6-

statutory limit. Accordingly, the sentence did not violate Petitioner's right to due process under the Fourteenth Amendment.

Finally, Petitioner appears to argue that the appellate courts violated his right to due process by not ruling on the merits of his case. For purposes of this action, the Court assumes that this due-process claim challenges the validity of the ruling on Petitioner's sentence. Contrary to Petitioner's assertion, however, the Michigan Court of Appeals did rule on the merits of his case. The court's order stated that Petitioner's application for leave to appeal was denied "for lack of merit in the grounds presented." *See People of Michigan v. Porter*, No. 294883, Order (Mich. Ct. App. Jan. 28, 2010). Moreover, the Supreme Court has recognized that Michigan's process for denying applications for leave to appeal "necessarily entails some evaluation of the merits of the applicant's claims." *Halbert v. Michigan*, 545 U.S. 605, 618 (2005). To the extent Petitioner argues that he is entitled to a written decision detailing the reasons for the court's denial of his application, the Supreme Court has never held that criminal defendants are constitutionally entitled to such decisions on appeal. Accordingly, the standard form denial issued by the Michigan Court of Appeals neither deprived Petitioner of a decision on the merits, nor violated his right to due process under law clearly established by the Supreme Court.

      3.     Eighth Amendment

Petitioner also contends that the length of his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. The Eighth Amendment does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle

applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the two-year maximum penalty allowed by state law. Thus, Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

    4.    <u>Sixth Amendment</u>

Though the petition does not expressly reference the Sixth Amendment, it arguably presents a Sixth Amendment claim under *Blakely v. Washington*, 542 U.S. 296 (2004), because Petitioner challenges a court's upward departure from sentencing guidelines. According to the court in *Blakely*, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

*Blakely* does not apply to Petitioner's case, however. Unlike the determinate sentencing system considered in *Blakely*, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715

N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8).  The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of the holding in *Blakely*.  *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007).  Therefore, a Sixth Amendment claim based on *Blakely* would be without merit.  The state court's determination of Petitioner's sentence was not contrary to federal law clearly established by the United States Supreme Court in *Blakely*.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46

(2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  August 10, 2011              /s/ Janet T. Neff
                                     Janet T. Neff
                                     United States District Judge